I concur with the majority opinion and write separately because I believe there is a stronger case to support the granting of summary judgment based upon the remedial acts of Appellee Hi-Stat Manufacturing Company, Inc.
The majority cites to the employee's "knowledge" of a dangerous condition based upon the complaints of Appellant Jane Doe, thereby satisfying the first prong of the Fyffe test. I believe the analysis of "knowledge" should begin anew after the remedial action is completed because an employer's knowledge of a dangerous condition prior to remedial action and subsequent to remedial action is different. This analysis presumes that the remedial conduct was reasonably contemplated to resolve the dangerous condition.
First, the concept of a remedial act suggests a responsible action, on the part of the employer, which appears inconsistent with the concept of an intentional act as used in the context of an intentional tort action. Where an employer is made aware of a dangerous condition and takes steps reasonably calculated to resolve the dangerous condition, does the employer in fact still have knowledge of a dangerous condition?
I would suggest, without further comment from an employee, that the employer no longer has "knowledge" because it would have a good faith belief that its action resolved the dangerous condition. This places the focus upon whether the employer's belief that the remedial action would solve the dangerous situation was reasonable.
In the case sub judice, I find Appellee Hi-Stat Manufacturing Company, Inc.'s remedial actions were reasonably contemplated to resolve the dangerous condition and appellee had the right to believe the dangerous condition no longer existed. Under the Fyffe analysis, this would defeat Appellant Jane Doe's intentional tort claim. I would affirm the trial court's granting of the appellee's motion for summary judgment.
 ___________________ JOHN W. WISE, JUDGE